**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| STC.UNM, | CIVIL ACTION NO. 6:19-cv-262 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| TP-LINK TECHNOLOGIES CO., LTD., | |
| Defendant. | |

## PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE

Charles L. Ainsworth (Texas 00783521)
Robert Christopher Bunt (Texas 00787165)
(application pending)
PARKER, BUNT & AINSWORTH, P.C.
1000 East Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535
charley@pbatyler.com
rcbunt@pbatyler.com

Michael W. Shore (Texas 18294915)
Alfonso G. Chan (Texas 24012408)
William D. Ellerman (Texas 24007151)
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
achan@shorechan.com
wellerman@shorechan.com

**COUNSEL FOR PLAINTIFF STC.UNM**

## TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..............................................................................................1

II. BACKGROUND FACTS SUPPORTING ALTERNATIVE SERVICE .......................................1

III. ARGUMENT ..................................................................................................................4

    A.    Alternative service of process is justified for TP-Link....................................5

    B.    The proposed means of service are not prohibited by international agreement...........................................................................................................6

    C.    The proposed means of service satisfy due process........................................7

        1.    Serving counsel via email satisfies due process. ..................................8

        2.    Serving TP-Link USA satisfies due process. ........................................8

        3.    Service under the Hague Convention would be unreasonably time-consuming, expensive, and will complicate the proceedings............................9

    D.    STC.UNM's proposed alternative service under Rule 4(f)(3). .....................10

IV. CONCLUSION .............................................................................................................10

# TABLE OF AUTHORITIES

## CASES:

*Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS,
    2014 WL 11342502 (W.D. Tex. Jul. 2, 2014) ............................................................*passim*

*Baker Hughes Inc. v. Homa*,
    No. H-11-3757, 2012 WL 1551727 (S.D. Tex. Apr. 30, 2012) ............................................9

*Brown v. China Integrated Energy, Inc.*,
    285 F.R.D. 560 (C.D. Cal. 2012) ............................................................................7

*Cheetah Mobile, Inc. v. APUS Group*,
    2016 WL 4036098 (N.D. Cal. July 28, 2016) ..............................................................6

*Facebook, Inc. v. Banana Ads, LLC*,
    No. 11-CV-3619-YGR, 2012 WL 1038752, n.5 (N.D. Cal. Mar. 27, 2012) .........................8

*Fundamental Innovation Systems Intl., LLC v. ZTE Corp.*,
    No. 3:17-CV-01827-N, 2018 WL 3330022 (N.D. Tex. Mar. 16, 2018) ...........................6, 7

*Gramercy Ins. Co. v. Kavanagh*,
    No. 3:10-CV-1254, 2011 WL 1791241 (N.D. Tex. May 10, 2011) ...................................5

*In re Cathode Ray Tube (CRT) Antitrust Litigation*,
    2008 WL 4104341 (N.D. Cal., Sept. 3, 2008) ............................................................6

*In re GLG Life Tech Corp. Sec. Litig.*,
    287 F.R.D. 262 (S.D.N.Y. 2012) .........................................................................7, 9

*In re LDK Solar Securities Litigation*,
    2008 WL 2415186 (N.D. Cal., June 12, 2008) .........................................................6, 7

*Jian Zhang v. Baidu.com, Inc.*,
    293 F.R.D. 508 (S.D.N.Y. 2013) ............................................................................7

*Lisson v. Stream SICAV v. Wang*,
    989 F. Supp. 2d 264 (S.D.N.Y. 2013) ......................................................................7

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ...................................................................................5, 7, 8

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010) .............................................................................7

*Rio Props., Inc. v. Rio Intern. Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ............................................................................8, 9

*RSM Prod. Corp. v. Fridman*,
    2007 WL 2295907 (S.D.N.Y. Aug. 10, 2007) ............................................................6

*Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*,
  312 F.R.D. 329 (S.D.N.Y. 2015) ........................................................................................6

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
  486 U.S. 694 (1988) ..........................................................................................................6

*West v. Velo Enter. Co., Ltd.*,
  No. 5:13-CV-00024-OLG, 2013 WL 12086781 (W.D. Tex. Aug. 29, 2013) .....................4

*WorldVentures Holdings, LLC v. Mavie*,
  No. 4:18-CV-393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ......................................5

## RULES:

Fed. R. Civ. P. 4 .................................................................................................................*passim*

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff STC.UNM respectfully moves the Court for leave to serve the summons and complaint on foreign defendant TP-Link Technologies Co., Ltd. ("TP-Link")—a Chinese company with no offices in the United States—through its United States counsel and through its United States subsidiary in California. For good cause, STC.UNM respectfully shows as follows.

## I. PRELIMINARY STATEMENT

STC.UNM is a New Mexico nonprofit research park corporation formed, owned, and controlled entirely by the Board of Regents of the University of New Mexico ("UNM"). UNM is a public educational institution based in Albuquerque, New Mexico and serves as the State of New Mexico's flagship research institution. UNM serves over 25,000 students and comprises over 1,700 faculty members at its main campus in Albuquerque and branch campuses in Gallup, Los Alamos, Rio Rancho, Taos, and Los Lunas, New Mexico. Over the past 20 years, UNM researchers have disclosed over 1,700 new inventions resulting in the issuance of over 500 United States patents.

STC.UNM's mission includes nurturing inventions researched and developed at UNM, promoting technological collaboration between UNM and other universities and research institutes, and catalyzing economic development in and for the State of New Mexico. STC.UNM furthers its mission by licensing its inventions and, if necessary, enforcing its intellectual property rights. STC.UNM reinvests licensing proceeds into continued research and development at UNM, for the benefit of the State of New Mexico and the rest of the United States.

## II. BACKGROUND FACTS SUPPORTING ALTERNATIVE SERVICE

In its Original Complaint for Patent Infringement and Jury Demand, STC.UNM alleges TP-Link's infringement of United States Patent Numbers 8,249,204, 8,565,326, and 8,265,096 (collectively the "patents-in-suit"). STC.UNM alleges that TP-Link manufactures, imports, and sells a number of infringing products in the United States, namely wireless communications equipment

and wireless routers.[1]

TP-Link is a Chinese company, with its principal place of business located in Shenzhen, China. According to its United States website, TP-Link is "a global provider of reliable networking devices and accessories, [and is] the [world's] No. 1 provider of Wi-Fi devices, supplying distribution to more than 170 countries and serving billions of people worldwide."[2]

Despite the foregoing, TP-Link maintains no registered agent for service of process in the United States. Upon information and belief, TP-Link imports, sells, and offers to sell its products (including the Accused Instrumentalities) in the United States through its subsidiary corporation, TP-Link USA Corporation ("TP-Link USA"). TP-Link USA is a California corporation, with its principal place of business located at 975 Overland Court, San Dimas, California 91773. The website for the California Secretary of State identifies TP-Link USA's registered agent for service of process as Yongsheng Liu, 145 South State College Blvd., Suite 400, Brea, California 92821.[3]

In other lawsuits, TP-Link USA has filed corporate disclosure statements and/or certificates of interested persons which identify TP-Link as an owner of more than 10% of TP-Link USA's outstanding stock.[4] Moreover, TP-Link submitted a declaration of its Chief Executive Officer in a case before the Eastern District of Texas which acknowledged that TP-Link USA is a United States subsidiary of TP-Link.[5]

---

[1] The "Accused Instrumentalities" are listed and described in Plaintiff's Original Complaint for Patent Infringement (Dkt. 1 at ¶ 37).

[2] *See* https://www.tp-link.com/us/about-us/corporate-profile/ (last visited May 28, 2019).

[3] A true and correct copy of TP-Link USA's Statement of Information for the California Secretary of State (filed August 21, 2018) is attached hereto as Exhibit A.

[4] A true and correct copy of TP Link-USA's Rule 7.1 Disclosure Statement in *Innovative Wireless Solutions, LLC v. TP-Link USA Corp. & TP-Link Technologies Co., Ltd.*, Case No. CV-13-8548 (N.D. Cal.) is attached hereto as Exhibit B. A true and correct copy of TP-Link USA's Rule 7.1 Disclosure Statement in *Canatelo, LLC v. TP-Link Technologies Co., Ltd. & TP-Link USA Corp.*, Case No. 3:13-cv-01095 (D.P.R.) is attached hereto as Exhibit C.

[5] A true and correct copy of Defendant's Motion to Dismiss, which was filed in *Freeny v. TP-Link Technologies Co., Ltd. & TP-Link USA Corporation*, Case No. 2:13-cv-00369-JRG (E.D. Tex.), and which contains the Declaration of Richard Xu (attached as Exhibit B to that motion) is attached

TP-Link has been named as a defendant in several lawsuits in the United States since 2010.[6] In at least two cases in the Eastern District of Texas, TP-Link has been represented by attorneys from the law firm of Lee Tran & Liang LLP, including Enoch H. Liang and Heather F. Auyang.[7] In cases in which TP-Link and TP-Link USA have both been named as defendants, those same attorneys have jointly represented both entities.[8] Additionally, the same attorneys appear to routinely represent TP-Link USA and TP-Link in cases in which either or both entities are named as defendants.[9] Both Enoch H. Liang and Heather F. Auyang are currently partners at Lee Tran & Liang LLP, and their email addresses are listed on the firm's website as enoch.liang@ltlattorneys.com and heather.auyang@ltlattorneys.com.[10]

As mentioned, TP-Link maintains no registered agent for service of process in the United States. Although China is a signatory to the Hague Service Convention, currently available information

---

hereto as Exhibit D.

[6] *See Frequency Systems, LLC v. TP-Link USA Corp. & TP-Link Technologies Co., Ltd.*, Case No. 2:15-cv-00702 (E.D. Tex., May 8, 2015) *consolidated with Frequency Systems, LLC v. ASUSTek Computer Inc.*, Case No. 2:15-cv-00684 (E.D. Tex.); *Innovative Wireless Solutions, LLC v. TP-Link USA Corp. & TP-Link Technologies Co., Ltd.*, Case No. 2:13-cv-08548 (C.D. Cal., Nov. 19, 2013); *Telecomm Innovations, LLC v. TP-Link Technologies Co., Ltd. & TP-Link USA Corp.*, Case No. 1:13-cv-01259 (D. Del., Jul. 19, 2013); *Freeny v. TP-Link Technologies Co., Ltd. & TP-Link USA Corp.*, Case No. 2:13-cv-00369 (E.D. Tex., Apr. 29, 2013); *Canatelo, LLC v. TP-Link Technologies Co., Ltd. & TP-Link USA Corp.*, Case No. 3:13-cv-01095 (D.P.R., Feb. 5, 2013); *Telecomm Innovations, LLC v. TP-Link Technologies Co., Ltd. & TP-Link USA Corp.*, Case No. 1:12-cv-01334 (D. Del., Oct. 15, 2012); *Powerline Innovations, LLC v. Sharp Corp., et. al.*, Case No. 6:11-cv-410 (E.D. Tex., Aug. 6, 2011); *The Pacid Group, LLC v. Best Buy Co., Inc., et. al.*, Case No. 6:10-cv-00370 (E.D. Tex., July 27, 2010).

[7] *See* Exhibit D. A true and correct copy of a Notice of Appearance for Heather F. Auyang in *Frequency Systems, LLC v. ASUSTek Computer Inc.*, Case No. 2:15-cv-00684 (E.D. Tex.) is attached hereto as Exhibit E.

[8] *See* Exhibits B-E. True and correct copies of Notices of Appearance of Counsel in *Freeny v. TP-Link Technologies Co., Ltd. & TP-Link USA Corporation*, Case No. 2:13-cv-00369-JRG (E.D. Tex.) are attached hereto as Exhibits F and G.

[9] A true and correct copy of a Notice of Appearance of Enoch H. Liang in *Innovative Wireless Solutions, LLC v. TP-Link USA Corp. & TP-Link Technologies Co., Ltd.*, Case No. 2:13-cv-08548 (C.D. Cal.) is attached hereto as Exhibit H. A true and correct copy of an Application and Order for Admission Pro Hac Vice of Heather F. Auyang in *Canatelo, LLC v. TP-Link Technologies Co., Ltd. & TP-Link USA Corp.*, Case No. 3:13-cv-01095 (D.P.R.) is attached hereto as Exhibit I.

[10] *See* http://www.ltlattorneys.com/attorneys/enoch-h-liang/ (last visited May 28, 2019); http://www.ltlattorneys.com/attorneys/heather-auyang/ (last visited May 28, 2019).

suggests that whereas formal service of Chinese defendants through the Hague Service Convention has typically taken approximately eight months to a year, the "standard turnaround time" is now as long as *two years*, with proofs of service being delayed by up to five months after service occurs.[11]

Nevertheless, this Court has broad discretion to order "other means" of process on a foreign defendant like TP-Link. This Court and numerous other federal courts have ordered that service of process through the foreign defendant's legal counsel via email, or service of process through a United States subsidiary, are appropriate alternatives. STC.UNM respectfully seeks the same discretionary relief here.

### III. <u>ARGUMENT</u>

Federal Rule of Civil Procedure 4(h) governs service of foreign corporations, and it refers to Rule 4(f) for serving the foreign corporation outside of the United States.[12] Under Rule 4(f), foreign service can be accomplished by any one of three methods: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) … as prescribed by the foreign country's law for service in that country … or (3) by *other means not prohibited by international agreement, as the court orders*."[13] "Rule 4(f) provides for a number of equally valid methods of service."[14] "By its plain language and syntax, Rule 4(f)(3)'s alternative is not a last resort,

---

[11] *See, e.g., Koninklijke KPN N.V. v. OnePlus Tech. (Shenzen) Co., et. al.*, C.A. No. 17-cv-89-LPS-CJB (Del.) (Dkt. 17, Affidavit of Celeste Ingalls at ¶ 11); *see also* https://www.iam-media.com/frandseps/suing-chinese-entity-united-states-expect-two-year-wait-serve-process (last visited May 28, 2019) (citing "'rumblings in the transnational litigation community that [China] stopped executing US requests altogether'"); *but see* https://assets.hcch.net/docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf (last visited May 28, 2019) (stating official estimate as four to six months to complete service).

[12] FED. R. CIV. P. 4(h)(2).

[13] FED. R. CIV. P. 4(f)(1)-(3) (emphasis added).

[14] *West v. Velo Enter. Co., Ltd.*, No. 5:13-CV-00024-OLG, 2013 WL 12086781, at *2 (W.D. Tex. Aug. 29, 2013) (Garcia, J.).

nor is it any less favored than service under subsections (1) and (2)."[15] Pursuant to Rule 4(f)(3), "so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service," including effecting service on a foreign corporation's U.S. counsel or U.S. subsidiary.[16] To comport with due process, the method of service crafted by the Court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[17]

### A. Alternative service of process is justified for TP-Link.

Because Rule 4(f)(3) independently allows substituted service as long as it is directed by the Court and not prohibited by international agreement, it is not necessary for STC.UNM to first attempt to endure unreasonably time-consuming and costly service on TP-Link through the Hague Convention before petitioning the Court for alternative relief under the rule. TP-Link owns and operates a wireless networking device company in China which, by its very nature, maintains an active presence on the internet and interacts online with customers around the world, including those in the United States.[18] Under similar facts, this Court, like virtually every other court addressing the issue, has rejected the notion that following the requirements of the Hague Service Convention is necessary in order to serve a defendant in a signatory country.[19] In *Affinity Labs*, this Court refused to require service under the Hague Convention, and instead authorized the two well-

---

[15] *Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS, 2014 WL 11342502, at *2 (W.D. Tex. Jul. 2, 2014) (Smith, J.) (internal quotations omitted); *see Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011) (Fitzwater, C.J.) ("Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under other subparts."); *see also WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306, at *13-14 (E.D. Tex. Dec. 12, 2018).

[16] *Affinity Labs*, 2014 WL 11342502, at *1, *4 (emphasis original).

[17] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[18] *See* https://www.tp-link.com/us/about-us/corporate-profile/ ("Founded in 1996, TP-Link is a global provider of reliable networking devices and accessories, involved in all aspects of everyday life.") (last visited May 28, 2019).

[19] *Affinity Labs*, 2014 WL 11342502, at *1-2.

recognized forms alternative service requested here: (1) service upon a known attorney for the foreign defendant in the United States, and (2) service upon a United States subsidiary of the foreign defendant.[20]

As explained below, neither of these two methods of service is prohibited by any international agreement with China, and both of them comport with due process.

### B.   The proposed means of service are not prohibited by international agreement.

Nothing in the Hague Convention prohibits service upon a Chinese entity when such service is accomplished in the United States. Indeed, the United States Supreme Court has held that the Hague Convention has no implications when "service on a domestic agent is valid and complete under both state law and the Due Process Clause."[21] And although China has objected to Article 10 of the Hague Convention, which would allow the transmission of judicial documents abroad via traditional postal channels, that objection does not prohibit *email* service upon a Chinese defendant's *United States-based* counsel.[22] Similarly, when a Chinese entity is served through its United States subsidiary, "[t]here is no service by postal channels" that would be prohibited by China's objection to Article 10 of the Hague Convention.[23] Accordingly, numerous district courts have allowed service upon Chinese corporations by serving their United States counsel under Rule 4(f)(3), and courts have specifically authorized service to occur by email.[24] Moreover, district courts

---

[20] *Id.* at *3-4; *see also In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2008 WL 4104341, at *1 (N.D. Cal., Sept. 3, 2008) (holding that service upon "foreign defendants, even those who are signatories to the Hague Convention, is proper under Rule 4(f)(3) where the foreign defendants have domestic subsidiaries and/or counsel") (citation omitted).

[21] *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988); *see also RSM Prod. Corp. v. Fridman*, 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007) (holding that plaintiff's request for alternative service through defendant's United States counsel did not implicate the Hague Convention because it involved no transmittal of documents abroad).

[22] *Cheetah Mobile, Inc. v. APUS Group*, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) (citations omitted).

[23] *In re LDK Solar Securities Litigation*, 2008 WL 2415186, at *3 (N.D. Cal., June 12, 2008).

[24] *Fundamental Innovation Systems Intl., LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018) (allowing service upon Chinese defendant's United States counsel);

routinely allow alternative service of foreign defendants (including Chinese entities) to be accomplished via service upon a United States subsidiary or affiliate.[25] Here, without question, STC.UNM's proposed alternative means of service through TP-Link's United States counsel and its United States subsidiary are not prohibited by international agreement.

###### C.   The proposed means of service satisfy due process.

Service by either email to TP-Link's lawyers or by serving its subsidiary will satisfy due process. In *Affinity Labs*, the court relied on Rule 4(f)(3) to effect service on a foreign corporation's U.S. counsel or wholly-owned U.S. subsidiary, concluding that such service "meets the constitutional threshold of due process."[26] Due process requires that the method of service crafted by the Court provide "reasonable notice and an opportunity to be heard."[27] It "does not require that the individuals served on behalf of foreign defendants have represented them or been authorized to accept on their behalf."[28] Rather, "[t]he means employed must be such as one desirous of actually informing the absentee. … The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those

---

*Cheetah Mobile,* 2016 WL 4036098, at *1-3 (allowing alternative service of Chinese defendant through counsel); *Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (authorizing alternative service on Chinese defendant via email); *Jian Zhang v. Baidu.com, Inc.*, 293 F.R.D. 508, 515 (S.D.N.Y. 2013) (authorizing service of Chinese defendant's New York counsel).

[25] *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (acknowledging cases allowing service of foreign entities through domestic subsidiaries and counsel); *Lisson v. Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) (allowing service of Chinese corporate executive through corporation's registered agent in United States); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (authorizing service on CEO living in China via service to his company's registered domestic agent and counsel); *In re LDK Solar Secs. Litig.*, No. C 07-05182 WHA, 2008 WL 2415186, at *4 (N.D. Cal. June 12, 2008) (allowing service of six Chinese defendants through California subsidiary).

[26] *Affinity Labs*, 2014 WL 11342502, at *4.

[27] *Fundamental Innovation Sys. Int'l., LLC*, 2018 WL 3330022, at *5.

[28] *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565-66 (C.D. Cal. 2012) (finding unserved officers' and directors' "close connection" with the corporation make it "all but certain" that directors served through counsel "will receive notice of the suit").

affected."[29]

### 1.   Serving counsel via email satisfies due process.

The fact that TP-Link's prior counsel may not be authorized to accept service is irrelevant because this method of service is "'reasonably calculated . . . to apprise interested parties of the pendency of the action.'"[30] And serving TP-Link's lawyers by email is not only a permissible means of alternative service, it has even been considered one of the best forms because it is "aimed directly and instantly" at the foreign defendant.[31] This is particularly true where "the Foreign Defendants are involved in commercial internet activities."[32] Here, TP-Link conducts business through its own U.S.-directed webpage (www.tp-link.com), where it advertises, informs customers about where to buy its products, and offers online customer support. As a company engaged in the very business of wireless internet services, TP-Link could hardly contend that email service is insufficient.

Lawyers from the firm of Lee Tran & Liang LLP have appeared and represented TP-Link in at least two prior lawsuits in the Eastern District of Texas. Additionally, those same lawyers have represented both TP-Link and TP-Link USA in other cases in which those entities were individually or jointly named as defendants. There is no reason to believe that if these attorneys were served with STC.UNM's Original Complaint, they would fail to provide adequate notice to their long-standing client sufficient to comport with due process.[33] Email service on TP-Link's United States attorneys is reasonably certain to apprise TP-Link of this suit and provide an opportunity to defend against it.

### 2.   Serving TP-Link USA satisfies due process.

---

[29] *Mulane*, 339 U.S. at 315.

[30] *Affinity Labs*, 2014 Wl 11342502, at *1 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[31] *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (authorizing service on defendant's counsel where it was "clear that [the attorney] was in contact with [the foreign defendant]").

[32] *Facebook, Inc. v. Banana Ads, LLC*, No. 11-CV-3619-YGR, 2012 WL 1038752, at *2, n.5 (N.D. Cal. Mar. 27, 2012) (finding that email service to Hong Kong, "a special administrative region of the People's Republic of China," satisfied due process).

[33] *See Affinity Labs*, 2014 WL 11342502 at *4.

To ensure TP-Link receives adequate notice, STC.UNM also requests that it be allowed to serve TP-Link USA's registered agent in the United States.[34] In *Affinity Labs*, this Court allowed alternative service upon both the United States subsidiary of a foreign company and its counsel because (1) both companies were identified by similar names; (2) a corporate disclosure statement confirmed that the United States company was a subsidiary of the foreign entity; and (3) the same law firm had represented both the foreign company and its United States counterpart in other patent infringement matters in the United States.[35] Here, the same reasoning justifies alternative service upon TP-Link USA—both TP-Link and TP-Link USA are identified by virtually identical names, corporate disclosure statements filed in other cases state that TP-Link-USA is at least a partially-owned subsidiary, TP-Link's CEO filed a declaration in the Eastern District of Texas confirming that TP-Link USA is TP-Link's subsidiary, and, as discussed above, both TP-Link and TP-Link USA are routinely represented by the same attorneys at Lee Tran & Liang LLP. Thus, service upon TP-Link USA "is reasonably certain to result in [TP-Link] receiving notice of the suit."[36]

### 3. Service under the Hague Convention would be unreasonably time-consuming, expensive, and will complicate the proceedings.

This Court and others have acknowledged that even though service under the Hague Convention is not mandatory, the unreasonable delays typically associated with such service are more than sufficient to justify the Court's exercise of discretion to allow service via more efficient alternate means.[37] Here, if STC.UNM is required to serve TP-Link in China via the Hague Convention, it faces delays of (at best) several months, and (at worst) at least ***two years*** before this

---

[34] Courts can allow multiple forms of alternative service at once. *See Rio Props., Inc. v. Rio Intern. Inter-link*, 284 F.3d 1007, 1017 (9th Cir. 2002).

[35] *Affinity Labs*, 2014 WL 11342502 at *4.

[36] *Id.*

[37] *Id.* at 2-3; *In re GLG Life Tech*, 287 F.R.D. at 266 (ordering alternative service because "the length of time required for service under the Hague Convention, approximately six to eight months … may unnecessarily delay this case"); *Baker Hughes Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012) (Rosenthal, J.) (holding that avoiding additional cost is a sufficient justification for seeking an alternative method of service).

litigation can proceed on the merits. Additionally, taking many months or even years to serve TP-Link under the Hague Convention could unreasonably and indefinitely delay the start of TP-Link's one-year clock for filing IPR proceedings.[38] Thus, formal service via alternative means would avoid not only the unfairness of postponing litigation on the merits, but of providing TP-Link an inordinate amount of time to file IPRs, should it choose to do so.

### D.   STC.UNM's proposed alternative service under Rule 4(f)(3).

STC.UNM seeks to serve TP-Link using the following two methods contemporaneously:

1.    Sending the complaint and other required materials to TP-Link's outside counsel, Enoch H. Liang and Heather F. Auyang, at Lee Tran & Liang LLP, by email and FedEx, using the email and postal addresses listed on their website: enoch.liang@ltlattorneys.com and heather.auyang@ltlattorneys.com, 601 Gateway Blvd., Suite 1010, South San Francisco, California 94080; and

2.    Sending the complaint and other required materials to the registered agent for service of process for TP-Link's United States subsidiary, TP-Link USA Corporation, by courier using the same postal address listed in TP-Link USA Corporation's August 21, 2018 *Statement of Information* for the California Secretary of State: Yongsheng Liu, 145 S. State College Blvd., Suite 400, Brea, California 92821.

Either of these methods would be sufficient alone to apprise TP-Link of this action. Together, they are more than adequate to satisfy Rule 4(f)(3).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, STC.UNM respectfully asks the Court to grant this motion and enter an order approving alternative service of process on TP-Link through its U.S. counsel and its United States subsidiary as proper under Rule 4(f)(3) and (h)(2).

---

[38] *See Amneal Pharmaceuticals, LLC v. Endo Pharmaceuticals Inc.*, IPR2014-00360, Paper 15 at 9 (P.T.A.B. June 27, 2014) (holding that one-year clock does not begin to run until petitioner "was brought under a court's authority by formal process"); *Motorola Mobility, LLC v. Michael Arnouse*, IPR2013-00010, Paper 20 at 2-3 (P.T.A.B. Jan. 30, 2013) (holding that one-year clock did not start where petitioner was served with a complaint, but not a summons).

Dated: May 29, 2019                    Respectfully submitted,


                                       By:   /s/ Charles L. Ainsworth
                                             Charles L. Ainsworth (Texas 00783521)
                                             Robert Christopher Bunt (Texas 00787165)
                                             (application pending)
                                             PARKER, BUNT & AINSWORTH, P.C.
                                             100 East Ferguson, Suite 418
                                             Tyler, TX 75702
                                             Tel: (903) 531-3535
                                             charley@pbatyler.com
                                             rcbunt@pbatyler.com

                                             Michael W. Shore (Texas 18294915)
                                             Alfonso G. Chan (Texas 24012408)
                                             William D. Ellerman (Texas 24007151)
                                             SHORE CHAN DEPUMPO LLP
                                             901 Main Street, Suite 3300
                                             Dallas, Texas 75202
                                             Tel: (214) 593-9110
                                             Fax: (214) 593-9111
                                             mshore@shorechan.com
                                             achan@shorechan.com
                                             wellerman@shorechan.com

                                       **COUNSEL FOR PLAINTIFF STC.UNM**

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify

that a true and correct copy of the foregoing has been served on TP-Link's U.S. counsel at the email

addresses listed below on May 29, 2019.

<u>*Via Electronic Mail*</u>
Enoch H. Liang
Heather F. Auyang
LEE TRAN & LIANG, LLP
601 Gateway Blvd., Suite 1010
South San Francisco, California 94080
Tel: (650)422-2130
Fax: (650)241-2142
enoch.liang@ltlattorneys.com
heather.auyang@ltlattorneys.com

/s/ *Charles Ainsworth*
Charles L. Ainsworth