**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| STC.UNM, | § | |
| *Plaintiff* | § | |
| | § | |
| -vs- | § | **6:19-CV-00262-ADA** |
| | § | |
| TP-LINK TECHNOLOGIES CO., LTD., | § | |
| *Defendant* | § | |

## ORDER DENYING PLAINTIFF STC.UNM'S
## MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE

Before the Court is Plaintiff STC.UNM's Motion for Leave to Effect Alternative Service. ECF No. 4. After careful consideration, the Court is of the opinion that the Motion should be **DENIED** for the reasons listed below.

## BACKGROUND

Plaintiff STC.UNM is a research park corporation owned by the Board of Regents of the University of New Mexico. Pl.'s Compl. ¶ 1, ECF No. 1. Plaintiff is the owner of U.S. Patent Numbers 8,249,204, 8,565,326, and 8,265,096 (the "patents-in-suit"). *Id*. ¶¶ 21, 28, 35. On April 12, 2019, Plaintiff filed its Original Complaint alleging that Defendant TP-Link Technologies Co., Ltd., manufactures, imports, and sells a number of infringing products in the United States, namely wireless communications equipment and wireless routers. *Id*. ¶ 13. Defendant is a Chinese company, with its principal place of business located in Shenzhen, China. *Id*. ¶ 9. Defendant does not have any offices in the United States, nor does it have an agent appointed to receive service here. Pl.'s Mot. Alt. Service at 2, ECF No. 4. Plaintiff now asks the Court for leave to serve summons and the Original Complaint on Defendant through its domestic subsidiary and United States based counsel, both located in California. *Id*. at 1.

1

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 4(f), service on a foreign defendant must comply with one of three provisions. Rule 4(f)(1) states that service may be made by any means specified by any international agreement, such as the Hague Convention. Rule 4(f)(2), which is not presently at issue, provides several methods of service to an individual in a country when there is no applicable international agreement. Rule 4(f)(3) states that a foreign individual may be served "by other means not prohibited by international agreement, as the court orders." "[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014); *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2).")

The International Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention), is an international treaty governing the service abroad of foreign defendants. 20 U.S.T. 362, T.I.A.S. 6638, Art. 1. Direct "service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990); *see Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("The only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service."). The method of serving process is governed by the long-arm statute of the forum state. *Schlunk*, 486 U.S. at 706. Therefore, if the statute does

not require the transmittal of documents abroad, a defendant's domestic agent may be served pursuant to Rule 4(f)(3). *Id.*

Finally, "[d]eterminations regarding alternate service under Federal Rule of Civil Procedure 4(f)(3) are conferred to the discretion of the Court, since 'the plain language of the rule stipulates that a district court 'may' direct alternative means of service.'" *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. SA-16-CV-00463-OLG, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (quoting *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003)). In addition to the requirement that alternate service be permissible under any applicable international agreements and the Federal Rules, it must also satisfy due process. *See Rio Props., Inc.*, 284 F.3d at 1016–17 ("Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process."). To meet this requirement, the method of service approved by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Rio Props., Inc.*, 284 F.3d at 1016–17.

## DISCUSSION

Plaintiff requests leave to effect alternative service under Rule (4)(f)(3) to avoid the delays currently experienced by those who serve defendants in China through the Hague Convention. Pl.'s Mot. Alt. Service at 1, ECF No. 4. In lieu of the Hague Convention, Plaintiff proposes to serve Defendant's domestic subsidiary, TP-Link USA Corporation ("TP-Link USA"). *Id.* at 6.   As an additional alternative, Plaintiff proposes to serve California based

attorneys Enoch H. Liang and Heather F. Auyang, who have represented both companies in past legal actions. *Id.*

The Texas long-arm statute does not require the transmittal of documents abroad when serving a foreign defendant and it also "reach[es] as far as the federal constitutional requirements of due process will allow." *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *3 n.3 (N.D. Tex. Mar. 16, 2018) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007)). Therefore, service under Rule 4(f)(1) is not required, and the Court has discretion to allow service under Rule 4(f)(3). This Court previously held that seeking to avoid unnecessary delay and expense in serving a foreign defendant through the Hague Convention is a valid reason to grant alternative service. *Affinity Labs of Texas, LLC*, 2014 WL 11342502, at *4. Accordingly, the Court may grant leave to effect alternative service under Rule 4(f)(3) by any method that satisfies due process. Finally, the Court finds that Plaintiff's requested alternative methods of service fail to satisfy due process.

## I.    Service on a Domestic Subsidiary

Plaintiff first requests leave to serve Defendant through its domestic subsidiary, TP-Link USA. The Court denies Plaintiff's request for the reasons listed below.

The Fifth Circuit has recognized that "even if a domestic subsidiary is not explicitly authorized by its foreign parent corporation as an agent for service, the subsidiary might still be capable of receiving such service." *Lisson v. ING Groep N.V.*, 262 F. App'x 567, 570 (5th Cir. 2007). "[A]s long as a foreign corporation exercises such control over the domestic subsidiary that ***the two entities are essentially one***, process can be served on a foreign corporation by serving its domestic subsidiary—without sending documents abroad." *Id.* (quoting *Sheets*, 891 F.2d at 536) (emphasis added). In other words, the subsidiary must be the alter ego of the parent.

*Paradigm Entm't, Inc. v. Video Sys. Co., Ltd.*, No. 99-CV-2004, 2000 WL 251731, at *3 (N.D. Tex. Mar. 3, 2000). Here, there is no evidence that Defendant has explicitly authorized TP-Link USA to accept service on its behalf. Therefore, the Court must decide whether TP-Link USA is Defendant's alter ego.

In determining whether a subsidiary is the alter ego of its parent, courts examine "the totality of the circumstances in which the instrumentalities function." *Berry v. Lee*, 428 F. Supp. 2d 546, 554 (N.D. Tex. 2006) (citing *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 359 (5th Cir. 2003)). Courts begin with the presumption that two companies are separate from each other. *See Miles v. American Telephone & Telegraph Co.*, 703 F.2d 193, 195 (5th Cir. 1983) ("Texas courts are loathe to merge the separate legal identities of parent and subsidiary unless the latter exists as a mere tool or 'front' for the parent, or the corporate fiction is utilized to achieve an inequitable result, or to conceal fraud or illegality."). Courts are more likely to conclude that the entities are distinct where factors such as the following exist:

> [1] The daily operations of the corporations are separate. [2] Formal barriers exist between the management of the respective companies. [3] Parties with whom the corporations come into contact are apprised of the companies' separate identities. [4] The companies keep separate books and accounts [5] The companies file separate tax returns.

*Fundamental Innovation Sys. Int'l, LLC*, 2018 WL 3330022, at *3 (citing *Berry*, 428 F. Supp. 2d at 554). Alternatively, courts are more likely to conclude that the companies are a single entity where the following factors exist:

> [1] The companies share common business names, business departments, offices, directors or officers, employees, stock ownership, financing, and accounting. [2] One corporation pays wages to the other corporation's employees. [3] The employees of one corporation render services on behalf the other corporation.

*Id.* "No single factor is determinative, and the ultimate question is one of control." *Id.* (citing *Bridas*, 345 F.3d at 359). Indeed, the Fifth Circuit has "noted often that 100% stock ownership

and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (citing *Walker v. Newgent*, 583 F.2d 163, 166 (5th Cir. 1978)).

Plaintiff cites to *Affinity Labs* as support for its request be permitted to serve TP-Link USA. 2014 WL 11342502, at \*4. In *Affinity Labs*, this Court allowed service upon a domestic subsidiary and its counsel when (1) both companies were identified with similar names, (2) a corporate disclosure statement confirmed that the United States company was a wholly-owned subsidiary of the foreign entity, and (3) the same law firm had represented both the foreign company and its United States counterpart in other patent infringement matters in the United States. *Id.* Notably, the facts in the present case are distinguishable from *Affinity Labs* in several ways. First, the domestic company in *Affinity Labs* was a wholly owned subsidiary of the foreign defendant. *Id.* Plaintiff only argues that Defendant is "an owner of more than 10% of TP-Link USA's outstanding stock." Pl.'s Mot. Alt. Service at 2, ECF No. 4. Furthermore, when the domestic subsidiary in *Affinity Labs* filed a motion opposing alternative service, it did not contest any of the plaintiff's arguments that it was an alter ego of the defendant. 2014 WL 11342502, at \*4. Conversely, Plaintiff attached Defendant's brief from previous case in which Defendant stated, "Although TP-LINK USA is a subsidiary of TP-LINK Tech, TP-LINK Tech does not control the day-to-day management of TP-LINK USA. TP-LINK USA is its own independent business and makes its own corporate decisions."[1] Pl.'s Mot. Alt. Service, Ex. D 5–6, ECF No. 4-4. Without more, Plaintiff fails to show that Defendant exerts the kind of control over its subsidiary necessary to establish an alter ego status. Accordingly, this Court finds that service on Defendant's domestic subsidiary does not satisfy due process in this case.

---

[1] Plaintiff attached the brief from the previous case to show that Defendant previously identified TP-Link USA as its subsidiary. Pl.'s Mot. Alt. Service at 2, ECF No. 4.

## II.        Service on United States Based Counsel

Additionally, Plaintiff requests permission to serve Defendant's prior United States based counsel. Pl.'s Mot. Alt. Service at 1, ECF No. 4. The Court again denies Plaintiff's request for the reasons set forth below.

Plaintiff attached to its Motion notices of appearances that prove attorneys Enoch H. Liang and Heather F. Auyang have represented both Defendant and TP-Link USA in several previous patent suits. Pl.'s Mot. Alt. Service, Ex. E, F, G, H, & I, ECF No. 4. "A number of courts . . . have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf." *Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014) (collecting cases). However, "a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012); *See Madu, Edozie & Madu, P.C. v. Socketworks Ltd. Nigeria,* 265 F.R.D. 106, 116 (S.D.N.Y.2010) (noting the "absence of communication" between a firm and two unserved parties when denying plaintiff's request for leave to serve process on counsel).

Plaintiff cites *Affinity Labs* and *Rio Props.* in support of its proposal to serve Liang and Auyang as Defendant's agents. *Affinity Labs of Texas, LLC*, 2014 WL 11342502, at *4; *Rio Props., Inc.*, 284 F.3d at 1016–17. In *Affinity Labs*, this Court found that alternative service on the defendant's prior counsel was proper. 2014 WL 11342502, at *4. In that case, in addition to having represented the defendant in prior suits, the defendant's prior counsel was not only aware of the pending action but also made a statement in an email expressing that he expected to represent the defendant in the pending action. *Id.* In *Rio Props.*, the defendant's prior counsel

7

was similarly aware of the pending action, actually consulted the defendant regarding the lawsuit, and in the court's estimation "it seem[ed] clear that he was in contact with [the defendant]." 284 F.3d at 1016-17.

In the present case, Plaintiff has not shown that Defendant's prior counsel has the same type of continuing relationship as the prior counsel in *Affinity Labs* or *Rio Props*. Plaintiff has not shown that Defendant's prior counsel is in contact with Defendant, is aware of the present action, or expects to represent Defendant in the case. Without more, the Court finds that service on Defendant's prior counsel under these circumstances does not satisfy due process.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Effect Alternative Service, (ECF No. 4), is **DENIED WITHOUT PREJUDICE**. Plaintiff is permitted to file another motion for alternative service should it obtain additional evidence about the relationships between Defendant and TP-Link USA or Defendant and attorneys Enoch H. Liang and Heather F. Auyang.

**SIGNED** this 24th day of June, 2019.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE