**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| UNM RAINFOREST INNOVATIONS, | |
| Plaintiff, | Civil Action No. 6:19-cv-00262-ADA |
| v. | **JURY TRIAL DEMANDED** |
| TP-LINK TECHNOLOGIES CO., LTD., | |
| Defendant. | |

**DEFENDANT'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL
<u>PROCEDURE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ...............................................................................2

        A.      Defendant TP-Link Tech ...........................................................................2

        B.      Non-Party TP-Link USA ...........................................................................2

III.    LEGAL STANDARDS .........................................................................................3

IV.     THIS COURT LACKS PERSONAL JURISDICTION OVER TP-LINK
        TECH ....................................................................................................................5

        A.      This Court Lacks General Jurisdiction Over TP-Link Tech .................5

        B.      This Court Lacks Specific Jurisdiction Over TP-Link Tech ...............6

                1.      TP-Link Tech Has Not Purposefully Directed Activities at
                        Texas ...............................................................................................6

                2.      TP-Link USA's Actions Cannot Be Imputed to TP-Link Tech.................8

        C.      It Would Offend Traditional Notions of Fair Play and Substantial
                Justice to Subject TP-Link Tech to Personal Jurisdiction in Texas.....................10

        D.      Federal Rule of Civil Procedure 4(k)(2) Does Not Apply .................12

        E.      The Court Should Either Dismiss the Case or Transfer it to the CDCA .............12

V.      CONCLUSION.....................................................................................................13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
  689, 1358, 1360 (Fed. Cir. 2012)........................................................................................3

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
  6 F.4th 1283 (Fed. Cir. 2021) ............................................................................................9

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
  480 U.S. 102 (1987).........................................................................................4, 7, 10, 11

*Bd. of Regents v. Medtronic PLC*,
  No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ..................................9

*Black v. Acme Mkts., Inc.*,
  564 F.2d 681 (5th Cir. 1977) .......................................................................................3, 10

*Bristol-Meyers Squibb Co. v. Superior Court*,
  137 S. Ct. 1773 (2017).......................................................................................................4

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).........................................................................................................11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014)...................................................................................................4, 5, 6

*Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*,
  414 F. Supp. 2d 523 (E.D. Pa. 2005) ...................................................................................7

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018)........................13

*Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*,
  Case No. 2:15-cv-2049-JRG, Dkt. No. 53 (E.D. Tex. Sept. 1, 2016)......................................9

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.*,
  No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014) ......................5, 6, 7, 9

*Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc.*,
  No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966 (E.D. Tex. July 17, 2019)......................13

*Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*,
  921 F.3d 522 (5th Cir. 2019) ............................................................................................13

*Hargrave v. Fibreboard Corp.*,
   710 F.2d 1154 (5th Cir. 1983) ...................................................................................8, 9

*Inamed Corp. v. Kuzmak*,
   249 F.3d 1356 (Fed. Cir. 2001)......................................................................................4

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)........................................................................................................4

*Monkton Ins. Services, Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) ..........................................................................................4

*Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*,
   603 F.3d 1364 (Fed. Cir. 2010).....................................................................................10

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) ....................................................................................2, 12

*Soverain IP, LLC v. AT&T, Inc.*,
   No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31,
   2017), *report and recommendation adopted*, No. 2:17-CV-00293-RWS, 2017
   WL 6452802 (E.D. Tex. Dec. 18, 2017).........................................................................9

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
   563 F.3d 1285 (Fed. Cir. 2009)....................................................................................12

*Touchcom, Inc. v. Bereskin & Parr*,
   574 F.3d 1403 (Fed. Cir. 2009)....................................................................................12

*Valley Dynamo L.P. v. Warehouse of Vending & Games*,
   168 F. Supp. 2d 616 (N.D. Tex. 2001) ...........................................................................3

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964)......................................................................................................13

*In re Volkswagen Grp. of Am., Inc.*,
   28 F.4th 1203 (Fed. Cir. 2022) .......................................................................................9

*Walden v. Fiore*,
   571 U.S. 277 (2014).........................................................................................................4

*Xilinx, Inc. v. Papst Licensing GmhH & Co., KG*,
   848 F.3d 1346 (Fed. Cir. 2017).......................................................................................3

**Statutes**

28 U.S.C. § 1404(a) .........................................................................................................13

28 U.S.C. § 1406(a) ................................................................................................2, 12, 13

iv

**Other Authorities**

Fed. R. Civ. P. 4(k)(2)...........................................................................................................1, 12

Fed. R. Civ. P. 12(b)(2).........................................................................................................1, 13

Fed. R. Civ. P. 12(b)(5)..............................................................................................................2

## I.    INTRODUCTION

Defendant TP-Link Technologies Co., Ltd. ("TP-Link Tech") respectfully moves to dismiss this action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2).

Recognizing that TP-Link Tech does not have any operations in the United States, Plaintiff UNM Rainforest Innovations ("Rainforest") attempts to establish jurisdiction through non-party TP-Link USA Corporation ("TP-Link USA"). For example, Rainforest speculates, in boilerplate fashion, that TP-Link Tech makes, uses, sells, offers for sale, ships, distributes, advertises, and promotes the accused infringing products in Texas "through intermediaries." Dkt. 1 ("Compl.") at ¶ 13. Rainforest also alleges that TP-Link Tech "imports, sells, and offers to sell its products (including the Accused Instrumentalities) in the United States through its subsidiary corporation, TP-Link USA Corporation." Dkt. 4 at 2. But non-party TP-Link USA is *solely* responsible for importing, marketing, advertising, offering to sell, and selling "TP-Link branded" products in the United States. And TP-Link USA is a separate company that is neither a subsidiary of, nor controlled by, TP-Link Tech. TP-Link USA's actions thus cannot be imputed to TP-Link Tech, the latter of which has not purposefully directed its activities at Texas. And the "federal long-arm statute," Fed. R. Civ. P. 4(k)(2), does not cure this fatal jurisdictional defect because TP-Link Tech would be amenable to suit in the Central District of California ("CDCA") where TP-Link USA is located.

Rainforest—an alleged "arm of the State" of New Mexico (Compl. ¶ 7)—is attempting to manipulate venue. TP-Link USA is the correct defendant here as the only importer and seller of the accused products in the United States, but Rainforest did not sue this entity. Yet Rainforest uses non-party TP-Link USA as the alleged basis for jurisdiction over TP-Link Tech, and even purports to have served TP-Link Tech by attempting service of process on TP-Link USA at its Irvine, CA headquarters via certified mail. *See* Dkt. 22. There is little mystery why TP-Link USA

is not named: venue over TP-Link USA would be manifestly improper in this District under *TC Heartland*. This Court should not countenance such venue manipulation, and should either dismiss the case for lack of jurisdiction or transfer it to the CDCA under 28 U.S.C. § 1406(a).  *Cf. In re Samsung Elecs. Co., Ltd*., 2 F.4th 1371, 1377 (Fed. Cir. 2021) ("[W]e are not bound by a plaintiff's efforts to manipulate venue."); *id*. at 1379 ("[D]isregarding this manipulation," plaintiff "could have filed suit in the Northern District of California").[1]

## II.    FACTUAL BACKGROUND

### A.    Defendant TP-Link Tech

TP-Link Tech is a privately held corporation organized under the laws of China, with its headquarters and principal place of business in Shenzhen, China.  Declaration of Yanmei Zhang ("Zhang Decl.") at ¶ 2.  TP-Link Tech does not have any employees or agents in Texas.  *Id*. at ¶ 3. Nor does it own, lease, or operate any offices or other facilities in Texas.  *Id*.  TP-Link Tech does not design, manufacture, sell, or offer to sell any products in Texas.  *Id*. TP-Link Tech does not ship products to Texas, and it does not conduct any marketing or advertising in, or directed toward, Texas.  *Id*.

### B.    Non-Party TP-Link USA

TP-Link USA is a California corporation with its headquarters and principal place of business at Irvine, CA.  Zhang Decl. at ¶ 4.  TP-Link USA is solely responsible for importing, marketing, advertising, offering to sell, and selling "TP-Link branded" products in the United States, including the accused products in this case.  *Id*.  TP-Link USA is a wholly owned subsidiary of TP-Link UK, Ltd., which also has not been named as a defendant in this case.  *Id*.  Contrary to

---

[1] In a separate motion being filed today, TP-Link Tech also moves to dismiss under Fed. R. Civ. P. 12(b)(5) for improper service of process.

Rainforest's speculative allegations, TP-Link Tech does not direct or control the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States. *Id.*; *also* Dkt. 6 at 6 ("Without more, Plaintiff fails to show that [TP-Link Tech] exerts the kind of control over … [TP-Link USA] to establish an alter ego status."). Citing an outdated declaration from 2013, Rainforest alleges that TP-Link USA is TP-Link Tech's "subsidiary." Dkt. 4-4 (citing Declaration of Richard Xu). At all times relevant to this action, however, TP-Link USA was and is not a subsidiary (either directly or indirectly) of TP-Link Tech. Zhang Decl. at ¶ 4.

### III.    LEGAL STANDARDS

As Plaintiff, Rainforest has the burden of establishing that this Court has jurisdiction over TP-Link Tech, and it must set out a *prima facie* case of personal jurisdiction. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689, 1358, 1360 (Fed. Cir. 2012). In determining whether a plaintiff has met that burden, "[a]llegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits." *Valley Dynamo L.P. v. Warehouse of Vending & Games*, 168 F. Supp. 2d 616, 619 (N.D. Tex. 2001); *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 683 n.3 (5th Cir. 1977).

"Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process." *Xilinx, Inc. v. Papst Licensing GmhH & Co., KG*, 848 F.3d 1346, 1352-53 (Fed. Cir. 2017).[2] Where, as here, the long-arm statute of Texas extends to the limits of federal due process, determining whether jurisdiction exists over an out-

---

[2] In patent cases, Federal Circuit law applies to personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws." *Xilinx, Inc*, 848 F.3d at 1352.

of-state defendant reduces to the issue of "whether jurisdiction comports with due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001). The due process analysis focuses on the number and nature of a defendant's contacts with the forum to determine if the defendant has sufficient "minimum contacts" such "that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 326 (1945).

General jurisdiction is "all-purpose jurisdiction"; it allows a court to hear any claim against a defendant even if all the incidents underlying the claim occurred in a different state. *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017). Only a limited set of circumstances will render a defendant amenable to general jurisdiction. *Id*. Indeed, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business" of a defendant. *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

In contrast, specific jurisdiction must be "case-linked", *i.e.*, the plaintiff's suit must itself arise out of or relate to the defendant's forum contacts. *Daimler AG v. Bauman*, 571 U.S. 117, 136-139 (2014); *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112-13 (1987). Specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Daimler*, 571 U.S. at 136-39 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)). The underlying controversy "must arise out of contacts that the 'defendant [itself]' creates with the forum." *Walden v. Fiore*, 571 U.S. 277, 277 (2014). And the required minimum contacts "must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there." *Id*. The Federal Circuit applies a three-prong test to determine whether specific jurisdiction exists: (1) "whether

4

the defendant purposefully directed activities at residents of the forum"; (2) "whether the claim arises out of or relates to those activities"; and (3) "whether assertion of personal jurisdiction is reasonable and fair." *Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *4 (W.D. Tex. Mar. 19, 2014) (citing *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010)). "The plaintiff has the burden of proving parts one and two of the test; the burden then shifts to the defendant to prove that personal jurisdiction is unreasonable." *Id.* (citing *Grober v. Mako Prods.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012)).

## IV.    THIS COURT LACKS PERSONAL JURISDICTION OVER TP-LINK TECH

### A.    This Court Lacks General Jurisdiction Over TP-Link Tech

This Court does not have general jurisdiction over TP-Link Tech, which is not "at home" in Texas. The "paradigm bases for general jurisdiction" where a corporation is "at home" are "the place of incorporation and principal place of business." *Daimler*, 571 U.S. at 137 (citation and quotation marks omitted). TP-Link Tech is not incorporated in Texas, and its principal place of business is not in Texas. In does no business in Texas whatsoever.

Rainforest concedes that TP-Link Tech is a Chinese corporation. Compl. at ¶ 9. The Complaint thus provides no facts to establish general jurisdiction over TP-Link Tech, and simply recites boilerplate, conclusory allegations that TP-Link Tech makes, uses, sells, offers for sale, ships, distributes, advertises, promotes the accused infringing products in this District "directly and through intermediaries." Compl. ¶ 13. Nor can Rainforest allege facts to establish general jurisdiction, because they do not exist. TP-Link Tech has no contacts with Texas. *See* Zhang Decl. at ¶¶ 2-4. It is a Chinese company; it is not "at home" in Texas, and thus it is not subject to general jurisdiction in Texas. *Id.*

Rainforest vaguely implies that TP-Link Tech has contacts in Texas because it allegedly controls or otherwise directs the sale and shipment of accused products into Texas through, for example, unnamed "intermediaries." Compl. at ¶ 13. These conclusory allegations are directly contradicted by the Zhang Declaration. And even if true (which they are not), they would be insufficient to establish general jurisdiction over TP-Link Tech. In *Daimler*, the Supreme Court reversed the Ninth Circuit's finding that there was general jurisdiction over a foreign defendant that indirectly engaged in a "substantial, continuous, and systematic course of business" in the state. *Daimler*, 571 U.S. at 138-139. The Court found that the question was "not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but "whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Id*. (internal quotation marks omitted). Thus, none of Rainforest's allegations, even if true (and none are entitled to a presumption of truth because they are controverted by a declaration), would render TP-Link Tech "at home" in Texas. Therefore, there is no general jurisdiction.

### B.    This Court Lacks Specific Jurisdiction Over TP-Link Tech

#### 1.    TP-Link Tech Has Not Purposefully Directed Activities at Texas

The Court likewise does not have specific jurisdiction over TP-Link Tech. To establish specific jurisdiction, Rainforest needs to show that TP-Link Tech (1) "purposefully directed activities at residents of the forum"; (2) Rainforest's "claim arises out of or relates to those activities"; and (3) the "assertion of personal jurisdiction is reasonable and fair." *Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *4 (citing *Nuance Commc'ns, Inc.*, 626 F.3d at 1231). Rainforest comes up short, as the Complaint merely recites conclusory allegations that are directly contradicted by TP-Link Tech's declarant.

Rainforest has not shown that TP-Link Tech has "purposefully directed" its activities at residents of Texas. Specifically, Rainforest fails to allege any specific acts that TP-Link Tech has committed in the State of Texas to warrant jurisdiction. Rainforest generally speculates that TP-Link Tech plays some part in placing the accused products in the stream of commerce in Texas and that it somehow directs or controls the making, sale, and distribution of the accused products in the United States through unnamed "intermediaries," but Rainforest fails to allege specific facts to support its allegations. Compl. at ¶ 13. These vague, conclusory allegations do not establish purposeful direction or availment with regard to Texas. *Asahi*, 480 U.S. at 112 ("The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State…a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."). *See Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *1 ("A rational belief that a component or product will eventually end up in a particular state—even if that belief amounts to a substantial certainty—does not, by itself, amount to purposeful conduct."); *Davlyn Mfg. Co. v. H&M Auto Parts, Inc.*, 414 F. Supp. 2d 523, 531 (E.D. Pa. 2005) ("[A] defendant does not 'purposefully direct' his activities at a forum state merely by selling a component part to a nationwide distributor of home appliances with the awareness that appliances containing the defendant's product may ultimately be sold in the forum state."). Thus, Rainforest has not carried its burden of alleging facts sufficient to show that TP-Link Tech purposefully directed its activities at residents of Texas.

Nor can Rainforest offer any facts to support its allegations. As noted above, TP-Link Tech does not design, manufacture, sell, or offer to sell any products in Texas. Zhang Decl. at ¶¶ 2-4. And it does not ship products to Texas or conduct any marketing or advertising in, or directed

7

toward, Texas. *Id*. Moreover, TP-Link Tech does not have any employees or agents in Texas; and it does not own, lease, or operate any offices or other facilities in Texas. *Id*.

Further, non-party TP-Link USA is *solely* responsible for importing, marketing, advertising, offering to sell, and selling TP-Link branded products in the United States, including the accused products. Zhang Decl. at ¶ 4. Thus, TP-Link Tech does not direct or control the marketing of the accused products in Texas. And contrary to the allegations in the Complaint, TP-Link USA is not a subsidiary of TP-Link Tech (direct or indirect), but instead a wholly owned subsidiary of non-party TP-Link UK. Zhang Decl. at ¶ 4. And TP-Link Tech does not direct or control the activities of TP-Link USA in importing, marketing, advertising, offering to sell, or selling TP-Link branded products in the United States. *Id*. TP-Link USA is not an agent of, and is not authorized to accept service of process directed to, TP-Link Tech. *Id*. at ¶¶ 3-4. In sum, TP-Link Tech does not direct or control importing, marketing, advertising, offering to sell, or selling the accused products in Texas—or anywhere else in the United States. *See Id*. Accordingly, there is no specific personal jurisdiction over TP-Link Tech.

For the same reasons discussed above, Rainforest has not shown and cannot show that its claims arise out of or relate to TP-Link Tech's activities within the forum. As demonstrated by the Zhang Declaration, TP-Link Tech has not committed any acts within or directed toward the State of Texas. Thus, Rainforest's claims cannot arise out of any of TP-Link Tech's activities within the forum, and there is no specific jurisdiction over TP-Link Tech.

### 2.    TP-Link USA's Actions Cannot Be Imputed to TP-Link Tech

Rainforest's effort to blur the lines between TP-Link Tech and TP-Link USA also fail. Even in the context of a parent and subsidiary (which is not the situation here), the Fifth Circuit "demand[s] proof of control by the parent over the internal business operations and affairs of the subsidiary in order to fuse the two for jurisdictional purposes." *Hargrave v. Fibreboard Corp.*,

710 F.2d 1154, 1160 (5th Cir. 1983).  For example, even "100% stock ownership and commonality of officers and directors are not alone sufficient to establish an alter ego relationship between two corporations."  *Id.*; *cf. Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021) ("But where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes."); *In re Volkswagen Grp. of Am., Inc.*, 28 F.4th 1203, 1211 (Fed. Cir. 2022) (finding place of business of car dealerships in Texas could not be imputed to their distributors).

To the extent Rainforest is pursuing some sort of alter ego theory here, Rainforest has not met its high burden to establish that non-party TP-Link USA is the alter ego of TP-Link Tech. Dkt. 6 at 6 ("Without more, Plaintiff fails to show that [TP-Link Tech] exerts the kind of control over … [TP-Link USA] to establish an alter ego status.").  Instead, Rainforest's Complaint puts forward vague and conclusory allegations that TP-Link Tech controls or acts through "intermediaries" in Texas.  Compl. at ¶ 13.  For sound reasons, "such conclusory statements, without more, do not counsel in favor of disregarding the corporate form."  *Fellowship Filtering Technologies, LLC v. Alibaba.com, Inc.*, Case No. 2:15-cv-2049-JRG, Dkt. No. 53 at 9 (E.D. Tex. Sept. 1, 2016).  *See Freescale Semiconductor, Inc.*, 2014 WL 1603665, at *4 (dismissing where "the record does not conclusively demonstrate an *alter ego* relationship between MediaTek and MediaTek USA"); *Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018) (finding the subsidiary's use of parent's name on building and in press releases announcing the business to be conducted in the district insufficient to support a finding of venue or that parent ratified subsidiary's building as its own); *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex.

9

Dec. 18, 2017) ("[E]ven if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness.").

Moreover, Rainforest's conclusory allegations that TP-Link Tech somehow controls or directs TP-Link USA are directly contradicted by the Zhang Declaration, as discussed above. The Court is therefore not required to—and indeed, should not—accept Rainforest's controverted allegations as correct. *Black,* 564 F.2d at 683 n.3 ("In ruling on a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, *except insofar as controverted by defendant's affidavit*, must be taken as true") (emphasis added).

## C.    It Would Offend Traditional Notions of Fair Play and Substantial Justice to Subject TP-Link Tech to Personal Jurisdiction in Texas

Independently, the exercise of jurisdiction over TP-Link Tech under the circumstances here would be unreasonable and run afoul of the limits set by the Constitution. This is especially important because the exercise of jurisdiction would be over a non-U.S. corporation with no contacts in this forum. *See Asahi*, 480 U.S. at 115.

The evaluation of the "reasonableness" of exercising jurisdiction depends on several factors: (1) "the burden on the defendant"; (2) "the forum State's interest in adjudicating the dispute"; (3) "the plaintiff's interest in obtaining convenient and effective relief"; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Patent Rights Prot. Grp., LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1369 (Fed. Cir. 2010) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985)).

First, the burden of requiring TP-Link Tech to litigate in Texas would be severe and unreasonable. TP-Link Tech conducts no business in Texas, and it maintains its headquarters and

10

principal places of business thousands of miles away in China. Exercising personal jurisdiction here would force TP-Link Tech to litigate in a venue distant from its home country when there was absolutely no reason for it to have "foreseen" that it would be haled into court in Texas. *See Burger King*, 471 U.S. at 474. Further, the Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field" and that "the unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching a long-arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114-15. These reasons weigh against exercising personal jurisdiction over foreign corporations like TP-Link Tech.

Second, Rainforest is allegedly an "arm of the State" *of New Mexico* but it filed suit in Texas. There is no evidence that Rainforest conducts any business in this District. Nor is there any allegation that Rainforest makes products protected by the asserted patents. What is more, Rainforest acquired the patents from entities in Taiwan (*i.e.*, Sino Matrix Technology, Inc. and Industrial Technology Research Institute), shortly before filing suit. *See* Compl. ¶¶ 19-21, 26-28, 33-35. Those Taiwanese entities are not alleged to have any affiliation with Rainforest or any presence in Texas. The only "interest" Texas has in this action is that allegedly infringing products are sold there (although, again, none are sold in Texas by TP-Link Tech). In short, Rainforest is an out-of-state entity attempting to force a foreign corporation to defend itself in a distant court by asserting patent rights it only recently acquired from Taiwanese entities having no connection to Texas. Given this, Texas has no interest in this case. And as discussed above, Rainforest's attempt to use TP-Link USA (located in the CDCA) as its basis for jurisdiction and service of process, while intentionally *not* suing TP-Link USA to avoid the patent venue statute (and not filing suit in

New Mexico where Rainforest is located), is precisely the type of gamesmanship that weighs strongly against finding jurisdiction over TP-Link Tech. *See In re Samsung Elecs*, 2 F.4th at 1377 ("[W]e are not bound by a plaintiff's efforts to manipulate venue."); *id*. at 1379 ("[D]isregarding this manipulation," plaintiff "could have filed suit in the Northern District of California").

Third, fourth, and fifth, there is no efficiency to be gained or interests to be served by exercising jurisdiction over TP-Link Tech, a foreign corporation that conducts no business in Texas. *See* Zhang Decl. at ¶¶ 2-4. Rainforest has no viable claim against TP-Link Tech and therefore will be unable to obtain any judgment against it. Finally, there are no fundamental substantive social policies to be served by requiring a foreign corporation with no contacts in the state to litigate thousands of miles from home.

For all these reasons, exercising jurisdiction over TP-Link Tech would be unreasonable.

### D.    Federal Rule of Civil Procedure 4(k)(2) Does Not Apply

Fed. R. Civ. P. 4(k)(2) does not apply here because TP-Link Tech would submit to jurisdiction in the CDCA where TP-Link USA is located. Rule 4(k)(2) "allow[s] a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is *not subject to jurisdiction in any state's* courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293–94 (Fed. Cir. 2009). (emphasis added). If the defendant identifies a state in which it would submit to personal jurisdiction, then Rule 4(k)(2) does not apply. *See Touchcom, Inc. v. Bereskin & Parr*, 574 F.3d 1403, 1415 (Fed. Cir. 2009).

### E.    The Court Should Either Dismiss the Case or Transfer it to the CDCA

Rainforest is not without a proper forum because, as discussed above, TP-Link Tech is amenable to suit in the CDCA. 28 U.S.C. § 1406(a) "allows the Court to transfer a case 'in the interest of justice' to a district where venue is proper even if the Court lacks personal jurisdiction."

12

*Georgetown Rail Equip. Co. v. Tetra Tech Canada Inc*., No. 6:18-CV-377-RWS-KNM, 2019 WL 5954966, at *9 (E.D. Tex. July 17, 2019) (quoting *Cheetah Omni, LLC v. NP Photonics, Inc*., No. 6:13-CV-418, 2014 WL 11709437, at *3 (E.D. Tex. Mar. 28, 2014)).  Accordingly, instead of dismissal, this Court can transfer the case to the CDCA, where TP-Link USA can be properly joined, and where the witnesses and evidence relating to importation and sales of the accused products are located (as Rainforest admits).  Additionally, transferring the case, rather than dismissing it, would also avoid Rainforest's "having to re-file and relinquish" potential damages due to the Patent Act's six-year damages window.  *EMED Techs. Corp. v. Repro-Med Sys., Inc*., No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *5 (E.D. Tex. June 4, 2018) (C.J. Bryson sitting by designation).

In a separate motion to be filed later, and without waiving any jurisdictional or other defenses, TP-Link Tech also will move to transfer this action to the CDCA under 28 U.S.C. § 1404(a) for the convenience of the parties and the witnesses. *See Van Dusen v. Barrack*, 376 U.S. 612, 633-34 (1964) ("Although both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege.").[3]

## V.    CONCLUSION

For the foregoing reasons, this Court should dismiss this case under Rule 12(b)(2) for lack of personal jurisdiction over TP-Link Tech, or else transfer this action under 28 U.S.C. § 1406 to the CDCA, where TP-Link USA is located.

---

[3] A "non-resident defendant may participate in litigation without submitting to the court's jurisdiction so long as it maintains its objection to personal jurisdiction." *Haliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 540 (5th Cir. 2019).

Dated: August 31, 2022                         Respectfully submitted,

/s/ *Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Steven D. Moore
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576 0300
smoore@kilpatricktownsend.com

Kristopher L. Reed (*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell (*pro hac vice*)
Edward J. Mayle (*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

*Attorneys for Defendant*
*TP-Link Technologies Co., Ltd.*

14

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 31, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/  *Paige Arnette Amstutz*
Paige Arnette Amstutz