IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNM RAINFOREST INNOVATIONS,<br><br>          Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD.,<br><br>          Defendant. | Civil Action No. 6:19-cv-00262-ADA<br><br>**JURY TRIAL DEMANDED** |

**<u>DEFENDANT'S OPPOSED MOTION TO STAY</u>**

**I.      INTRODUCTION**

Defendant TP-Link Technologies Co., Ltd. ("TP-Link Tech") respectfully moves to stay this case consistent with the stays agreed to by the respective parties and entered by this Court in each of the three CRSR Related Cases. *See* Standing Order Governing Proceedings (OGP) 4.2—Patent Cases at 2 ("The Court intends to coordinate the CRSR Related Cases on the same schedule with a single *Markman* hearing, so the parties should plan accordingly.").

**II.     FACTUAL HISTORY**

Plaintiff UNM Rainforest Innovations ("UNM") maintains four CRSR Related Cases before this Court: *UNM Rainforest Innovations v. AsusTek Computer, Inc.*, No. 6:20-cv-00142-ADA (W.D. Tex.); *UNM Rainforest Innovations v. D-Link Corporation*, No. 6:20-cv-00143-ADA (W.D. Tex.); *UNM Rainforest Innovations v. ZyXEL Communications Corporation*, No. 6:20-cv-00522-ADA (W.D. Tex.); and the present case – *UNM Rainforest Innovations v. TP-Link Technologies Co., Ltd.*, No. 6:19-cv-00262-ADA (W.D. Tex.).

UNM asserts the same three patents against each CRSR Related Defendant: U.S. Patent Nos. 8,249,204 (the "'204 Patent"); 8,265,096 (the "'096 Patent"); and 8,565,326 (the "'326 Patent") (collectively, the "Asserted Patents"). *See* No. 6:20-cv-00142, Dkt. No. 37 (Amended Complaint) at 1; No. 6:20-cv-00143, Dkt. No. 1 (Complaint) at 1; No. 6:20-cv-00522, Dkt. No. 1 (Complaint) at 1; No. 6:19-cv-00262, Dkt. No. 1 (Complaint) at 1.

Each of the other three CRSR Related Cases is currently stayed pending IPRs against the Asserted Patents. *See* No. 6:20-cv-00142, Dkt. No. 58; No. 6:20-cv-00143, Dkt. No. 52; No. 6:20-cv-00522, Dkt. 81. The parties in those other cases agreed in their respective stipulations that whether the stay should be lifted in the future should be based on, among other things, "whether appeals have been filed or are likely." *See* No. 6:20-CV-00142, Dkt. No. 57 at 2; No. 6:20-cv-00143, Dkt. No. 51 at 2; No. 6:20-cv-00522, Dkt. 78 at 2.

A Final Written Decision in the IPR against the '096 Patent (IPR2021-00375) issued on July 15, 2022. Only claim 8 was found to be patentable. All the remaining challenged claims—claims 1–4, 6, and 7—were found unpatentable. The PTAB granted Patent Owner's Motion to Amend and allowed substitute claims 44–47, 49, and 50; however, the PTO will not issue a certificate with the amended claims until after "the time for appeal has expired or any appeal has been terminated" with respect to the IPR decision. 37 C.F.R. § 42.80. The Petitioner filed a Notice of Appeal to the Federal Circuit in the '096 Patent IPR on September 12, 2022 challenging the patentability of the one surviving claim (claim 8). Patent Owner itself (UNM) filed a Notice of Cross Appeal on September 16, 2022.

A Final Written Decision in the IPR against the '204 Patent (IPR2021-00377) issued on July 15, 2022. The PTAB found claims 1, 2, and 11–13 to be unpatentable. The PTAB further denied Patent Owner's Motion to Amend. The Patent Owner (UNM) filed a Request for Rehearing with the PTAB in the '204 IPR on August 15, 2022. The deadline for filing a Notice of Appeal to the Federal Circuit will be 63 days after the PTAB decides the Request for Rehearing. 37 C.F.R. § 90.3(a)(1).

A Final Written Decision in the IPR against the '326 Patent (IPR2021-00582) issued on August 15, 2022. The PTAB found claims 1–5 to be unpatentable. The PTAB further granted-in-part Patent Owner's Motion to Amend and allowed substitute claims 6, 7, 9, and 10, but denied substitute claim 8; but again, the PTO will not issue a certificate with the amended claims until after "the time for appeal has expired or any appeal has been terminated" with respect to the IPR decision. 37 C.F.R. § 42.80. The Patent Owner (UNM) filed a Request for Rehearing with the PTAB in the '326 IPR on September 13, 2022. Again, the deadline for filing a Notice of Appeal

to the Federal Circuit will be 63 days after the PTAB decides the Request for Rehearing. 37 C.F.R. § 90.3(a)(1).

On October 7 and 14, 2022, the parties in the other CRSR Related Cases filed their joint notices regarding the IPR Final Written Decisions. *See* No. 6:20-CV-00142, Dkt. No. 64; No. 6:20-cv-00143, Dkt. No. 58; No. 6:20-cv-00522, Dkt. No. 92. In those notices, UNM stated that it intends to reduce its infringement contentions to the sole surviving claim from the three IPR proceedings—claim 8 of the '096 Patent. UNM seeks to do so, however, without prejudice to the addition of allowed substitute claims once the PTO issues its certificates pursuant to 37 C.F.R. § 42.80. *Id.* On that purported basis, UNM asked that the stays in the other CRSR Related Cases be lifted. *Id.* The other CRSR Related Defendants oppose UNM's request in view of the ongoing IPR appeals and rehearing requests, and the fact that UNM also intends in those cases to assert additional patents and patent claims at some indefinite time in the future following conclusion of the IPR appeals. *Id.*

On October 4, 2022, UNM and TP-Link Tech filed their Joint Case Readiness Status Report in this case (Dkt. No. 58), setting forth essentially the same competing positions concerning whether a stay should issue in this case as the other CRSR Related Defendants set forth concerning whether the existing stays should continue in the other CRSR Related Cases. On October 13, 2022, the Court via email invited a motion concerning the issue, and hence TP-Link Tech brings this motion.[1]

---

[1] TP-Link Tech has also moved to dismiss UNM's complaint for lack of personal jurisdiction and for insufficient service of process. Dkt. Nos. 45, 46.

3

**III.     ARGUMENT**

    **A.     Allowing This Case to Proceed in Parallel with the IPR Appellate Proceedings Will Result in a Substantial Risk of Wasting the Parties' and Court's Resources Given UNM's Reservation of Its Purported Right to Assert Additional Claims Following the Appellate Proceedings.**

Although UNM represents in the CRSR that it intends to drop two of the asserted patents from this litigation and proceed with a single claim from the '096 Patent (Dkt. No. 58 at 5), UNM's "narrowing" of the case is merely provisional. UNM purports to reserve a right to re-assert the patent claims it withdraws (should any be found patentable on appeal) and/or add substitute claims that were amended during the IPR (should any be allowed). Dkt. No. 58 at 5. These contingencies will not occur, however, until years from now. It makes no sense to litigate a single claim now through trial, when Plaintiff expressly intends to add additional amended claims <u>from the same patent</u> to the case in the future. Indeed, the avoidance of this and other wasteful scenarios was implicit in the stay stipulations entered in the CRSR Related Cases, in which Plaintiff agreed that the decision to lift the stay should be premised on, *inter alia*, "whether appeals have been filed or are likely." *See* No. 6:20-CV-00142, Dkt. No. 57 at 2; No. 6:20-cv-00143, Dkt. No. 51 at 2; No. 6:20-cv-00522, Dkt. 78 at 2.

    **B.     Allowing This Case To Proceed While the Other CRSR Related Cases Remain Stayed Would Contravene the Court's OGP Instruction That the CRSR Related Cases Should Proceed on the Same Schedule.**

Each of the other three CRSR Related Cases is currently stayed pending IPRs against the Asserted Patents. *See* No. 6:20-cv-00142 at Dkt. No. 58; 6:20-cv-00143 at Dkt. No. 52; No. 6:20-cv-00522 at Dkt. 81. Again, the parties in those other cases agreed in their respective stipulations that whether the stay should be lifted in the future should be based on, among other things, "whether appeals have been filed or are likely." *See* No. 6:20-CV-00142, Dkt. No. 57 at 2; No. 6:20-cv-00143, Dkt. No. 51 at 2; No. 6:20-cv-00522, Dkt. 78 at 2. Although UNM has recently

4

moved for the stays to be lifted in the other CRSR Related Cases, the respective CRSR Related Defendants oppose those motions and have the better position. As stated by Defendant D-Link Corporation in CRSR Related Case No. 6:20-CV-00143-ADA:

> The current stay of this action should continue because the IPR proceedings concerning the patents-in-suit are ongoing, including regarding issues and claims that UNM indicates it intends to move forward on in this action. As reflected above, the validity of claim 8 of the '096 Patent is on appeal, as are the rest of the currently asserted claims from that patent, which have been invalidated at the PTAB. Furthermore, UNM indicates that it intends to add any 'allowed substitute claims once the USPTO issues a certificate pursuant to 37 C.F.R. § 42.80.' However, that set of over ten (10) claims across the three asserted patents are either the subject of Plaintiff's requests for a rehearing of their denial at the PTAB or are on appeal at the Federal Circuit. Because Plaintiff suggests it will try to add these claims into the case, and certificates for those claims cannot issue until after 'the time for appeal has expired or any appeal has been terminated' (37 C.F.R. § 42.80), this case should remain stayed pending the rehearing and appellate processes. Because the set of potentially relevant claims hangs in limbo, including claim 8 of the '096 Patent that UNM wants to proceed on for now, the pertinent factors still strongly favor a stay, especially the potential for issue simplification if not outright case-disposition.

No. 6:20-CV-00143-ADA, Dkt. No. 58 at 3.

Here, TP-Link Tech simply asks that the Court to put this litigation on the same footing as the other CRSR Related Cases consistent with the instruction in the OGP that "[t]he Court intends to coordinate the CRSR Related Cases on the same schedule with a single *Markman* hearing, so the parties should plan accordingly." *See* Standing Order Governing Proceedings (OGP) 4.2—Patent Cases at 2.

### C. The Sole Remaining Patent Claim Is on Appeal, and the Federal Circuit Will Adjudicate Its Validity Before Trial in This Case.

UNM has represented it intends to reduce its asserted claims in this case to only claim 8 of the '096 Patent. The Petitioner in the IPR against the '096 Patent filed a Notice of Appeal to the Federal Circuit in the '096 Patent IPR challenging the patentability of that sole surviving claim. The appeal was docketed on September 16, 2022. In 2021, the Federal Circuit disposed of appeals

from the Patent and Trademark Office in a median time of 14 months after docketing.[2] If the Federal Circuit agrees with the Petitioner in the IPR against the '096 Patent – thus invalidating claim 8 of the '096 Patent – such decision would occur before trial in this case. TP-Link Tech thus submits that this case should be stayed for the additional reason that any further litigation between the parties concerning claim 8 of the '096 Patent should await the Federal Circuit's decision concerning the patentability of that claim.

## IV. CONCLUSION

For the foregoing reasons, TP-Link Tech respectfully asks that the Court stay this action pending final resolution of the rehearing and appellate proceedings in IPR2021-00375, IPR2021-00377, and IPR2021-00582, and the issuance of any certificates with amended claims by the PTAB following those rehearing and appellate proceedings.

Dated: October 25, 2022

Respectfully submitted,

/s/ Paige Arnette Amstutz
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Steven D. Moore
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200

---

[2] UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, *Median Time to Disposition in Cases Terminated After Hearing or Submission, Docketing Date to Disposition Date, in Months* (available at https://cafc.uscourts.gov/wp-content/uploads/reports-stats/disposition-time/06_Med_Disp_Time_MERITS_table.pdf).

6

>Facsimile: (415) 576 0300
>smoore@kilpatricktownsend.com
>
>Kristopher L. Reed (*pro hac vice*)
>KILPATRICK, TOWNSEND & STOCKTON LLP
>2001 Ross Avenue, Suite 4400
>Dallas, TX 75201
>Telephone: (214) 922-7143
>Facsimile: (214) 922-7101
>kreed@kilpatricktownsend.com
>
>Kevin M. Bell (*pro hac vice*)
>Edward J. Mayle (*pro hac vice*)
>KILPATRICK, TOWNSEND & STOCKTON LLP
>1400 Wewatta Street Suite 600
>Denver, CO 80202
>Telephone: (303) 571-4000
>Facsimile: (303) 571-4321
>kbell@kilpatricktownsend.com
>tmayle@kilpatricktownsend.com
>
>Andrew N. Saul (*pro hac vice*)
>KILPATRICK, TOWNSEND & STOCKTON LLP
>1100 Peachtree Street Suite 2800
>Atlanta, GA 30309
>Telephone: (404) 815-6585
>Facsimile: (404) 541-4632
>asaul@kilpatricktownsend.com
>
>*Attorneys for Defendant*
>*TP-Link Technologies Co., Ltd.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 25, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>*/s/ Paige Arnette Amstutz*
>Paige Arnette Amstutz