**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| UNM RAINFOREST INNOVATIONS,<br><br>Plaintiff,<br><br>v.<br><br>TP-LINK TECHNOLOGIES CO., LTD. and<br>TP-LINK CORPORATION LIMITED<br><br>Defendant. | Civil Action No. 6:19-cv-00262-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>PUBLIC VERSION |

**DEFENDANT TP-LINK CORPORATION LIMITED'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

## TABLE OF CONTENTS

I.     THE AMENDED COMPLAINT AGAINST TP-LINK CORPORATION
       LIMITED SHOULD BE DISMISSED FOR LACK OF PERSONAL
       JURISDICTION ...................................................................................................................1

       A.     TP-Link Corp. Is Not Subject to Personal Jurisdiction in Texas ...........................1

       B.     Rainforest's Cited Law Does Not Support an Exercise of Personal
              Jurisdiction Over TP-Link Corp. ...........................................................................3

       C.     It Would Not Be Reasonable or Fair To Subject TP-Link Corp. to
              Personal Jurisdiction on This Record ....................................................................4

II.    CONCLUSION......................................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arkansas v. Wilmington Tr. Nat'l Ass'n,*
   No. 3:18-CV-1481-L, 2020 WL 1249570 (N.D. Tex. Mar. 16, 2020) .......................................5

*Asahi Metal Indus. Co. v. Superior Court of Cal.,*
   480 U.S. 102 (1987).................................................................................................................3

*Baylor Univ. v. Vintage Brand, LLC,*
   2022 U.S. Dist. LEXIS 85794 (W.D. Tex. May 12, 2022)....................................................3, 4

*Freescale Semi., Inc. v. Amtran Tech. Co.,*
   No. A-12-CV-644-LY, 2014 WL 1603665 (W.D. Tex. Mar. 19, 2014) ...................................4

*In re Hoffmann-La Roche Inc.,*
   587 F.3d 1333 (Fed. Cir. 2009)...............................................................................................5

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,*
   420 F.3d 1369 (Fed. Cir. 2005).................................................................................................3

*N. Am. Philips Corp. v. Am. Vending Sales, Inc.,*
   35 F.3d 1576 (Fed. Cir. 1994)...................................................................................................3

*In re Samsung Elecs. Co.,*
   2 F.4th 1371 (Fed. Cir. 2021) ...................................................................................................5

**Other Authorities**

Fed. R. Civ. P. 4(k)(2)....................................................................................................................5

ii

I. **THE AMENDED COMPLAINT AGAINST TP-LINK CORPORATION LIMITED SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION**

A. **TP-Link Corp. Is Not Subject to Personal Jurisdiction in Texas**

TP-Link Corporation Limited ("TP-Link **Corp.**") is a Chinese corporation with no operations or employees in the United States. Rainforest, however, attempts to confuse the jurisdiction question by attributing to TP-Link **Corp.** the downstream activities of California company TP-Link USA Corporation ("TP-Link **USA**")—a party which Rainforest elected not to sue in this litigation.[1] In particular, the Response defines "TP-Link" to refer *collectively* to the two defendants in this action *plus* TP-Link USA. Dkt. 119 at 1. But Rainforest then uses that shorthand to erroneously attribute the actions of non-party TP-Link USA to the two defendants in this action.

*First,* Rainforest alleges: (i) in a header "TP-Link Knows Its Products Will be Sold in Texas" (Resp. at 5); (ii) "TP-Link Hong Kong sold the accused products to TP-Link USA requiring TP-Link USA to sell those products only in the United States" (Resp. at 8); (iii) "TP-Link Hong Kong is involved in advertising the accused products in the United States" (Resp. at 10); (iv) "TP-Link has established regular channels to provide customer support in the United States" (Resp. at 10); and (v) ███████████████████████████████████████ ████████ █████████ But the actual evidence Rainforest cites for such propositions—██ ██████████████████—never mentions Texas, and certainly does not direct TP-Link **USA** to sell products in Texas. *See* Ex. D (█████████████████). Rather, TP-Link **USA** independently decides where and how it sells the products. Dkt. 80-1 (Zhang Dep.) 138:6-17. TP-Link **Corp.** "do[es] not have any knowledge [about U.S. sales], and . . . [is] not involved in, and do[es] not

---

[1] TP-Link **Corp.** has no ownership stake in nor any control of TP-Link **USA**. Motion at 2-3 (citing Sun Decl. at ¶ 2).

control TP-Link USA's sales activities." Dkt. 80-1, 140:12-21 (Exhibits 1 and 2 are attached to the Bell Declaration, previously filed but not reattached here).

*Second,* Rainforest alleges that "import records show TP-Link China also ships accused products directly to TP-Link USA in the United States." Resp. at 6. But the supposed "import records" that Rainforest cites consist of a single unauthenticated printout from an unexplained and largely indecipherable website "panjiva.com." *Id.* (citing Ex. F). The actual record evidence says the exact opposite. Dkt. 80-1 (Zhang Dep.) 45:18-46:10; 56:5-12.

*Third,* Rainforest alleges that "TP-Link also attended the CES 2022 convention to personally advertise its products in the United States." Resp. at 10 (citing Ex. J). Yet the printout Rainforest cites is from a website controlled by TP-Link **USA**; the record evidence fails to show any employee of TP-Link **Corp.** has ever attended a CES conference in Las Vegas, NV. Dkt. 80-2 (Zhang Dep. Ex. 35) at 2.

The question is whether Defendant TP-Link **Corp.** purposefully directed accused activities at Texas. Stripped of inaccurate attributions of non-party actions to TP-Link **Corp.**, at most Rainforest's arguments and evidence show that TP-Link **Corp.** has awareness that products it manufactures and distributes in China are later re-sold in the United States by a third-party distributor. That is not enough.

In particular, TP-Link **Corp.** obtains FCC and UL certifications at the request of other companies so that those other companies ultimately can sell the products in the United States. Dkt. 80-1 (Zhang Dep.) 58:9-17; 62:24-63:16; 67:22-68:3; 70:22-71:3. Those certifications and activities have nationwide applicability, and *none are specific to Texas*. Simply tacking on the words "and Texas" to a description of evidence that is specific only to the United States as a whole (as Rainforest repeatedly does) does not change the actual nature or direction of TP-Link **Corp.**'s

activities. *See* Resp. at 2, 6, 10, 11, 12. Thus, the evidence cited by Rainforest falls far short of *Asahi*'s "something more" standard, which requires activity purposefully directed to the "forum state." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987).

**B.      Rainforest's Cited Law Does Not Support an Exercise of Personal Jurisdiction Over TP-Link Corp.**

Rainforest cites *North American Phillips* ostensibly for the proposition that TP-Link **Corp.**'s sales to TP-Link **USA** in China are somehow relevant despite delivery "FOB" in Asia. Resp. at 6, n. 3 (citing *N. Am. Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576, 1579-80 (Fed. Cir. 1994)). This is not correct. In *North American Philips*, the actual defendants participated in tradeshows and entered directly into contracts with customers within the forum state; that the accused products were later purchased FOB and shipped to a different state was irrelevant there because the defendants had themselves purposefully directed sales in the forum. *N. Am. Philips Corp.*, 35 F.3d at 1577-78; *see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1377 (Fed. Cir. 2005) (distinguishing *North American Philips* because "the criterion for determining the location of a 'sale' under section 271(a) is not necessarily where legal title passes; the 'more familiar places of contracting and performance' may take precedence over the passage of legal title"). In contrast, TP-Link **Corp.** has never engaged in any activities in Texas, and merely sells products to TP-Link **USA** in Asia. Dkt. 80-1 (Zhang Dep.) 41:1-10; 55:18-56:25.

Rainforest also cites *Baylor University* ostensibly for the proposition that TP-Link **Corp.**'s alleged failure to "prohibit" TP-Link **USA** from selling in Texas somehow imparts jurisdiction. Resp. at 7 (*citing Baylor Univ. v. Vintage Brand, LLC*, 2022 U.S. Dist. LEXIS 85794, at *11-12 (W.D. Tex. May 12, 2022)). In *Baylor University*, the defendant sold apparel *branded with Baylor's trademarks* to a third party (also a named defendant in the suit); the co-

3

defendant then sold the apparel in Texas. *Baylor Univ.*, 2022 WL 1506286, at \*4. That the apparel was branded with the name and logo of a Texas-based university and advertised to those interested in Baylor strongly implied purposeful direction to Texas customers. *Id.* Here, Rainforest cites zero evidence of packaging or other indicia directed specifically to Texas consumers. And any existence of accused products in Texas is the result of independent actions taken at the sole discretion of non-party TP-Link **USA**. Dkt. 80-1 (Zhang Dep.) 138:6-17. Rainforest does not and cannot show any evidence that Defendant TP-Link **Corp.** has "knowledge" of sales within Texas, nor any evidence that TP-Link **Corp.** has control over (or any input whatsoever into) the sales locations of its U.S. distributor TP-Link **USA**.[2]

### C. It Would Not Be Reasonable or Fair To Subject TP-Link Corp. to Personal Jurisdiction on This Record

Rainforest's arguments that an exercise of jurisdiction would be "reasonable and fair" are unavailing. Resp. at 12-13. The Court need not reach this issue as Rainforest failed its burden "of proving parts one and two of the test." *Freescale Semi., Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at \*1 (W.D. Tex. Mar. 19, 2014).

Should the Court consider this final issue, however, TP-Link **Corp.** has established that an exercise of jurisdiction over it under these circumstances would be unreasonable. Dkt. 118, Motion at 9-11. In contrast, Rainforest fails to adequately address the relevant factors. For

---

[2] Despite not participating in the deposition, Rainforest disparages the witness for Defendant TP-Link Technologies, Co. Ltd.—Ms. Rita Zhang, a Chinese national—as playing "coy" because she does not know the specific U.S. states where the accused products ultimately are sold by TP-Link **USA**. Resp. at 7, n 4. The cited testimony actually shows that Ms. Zhang is not aware of the specific states where TP-Link **USA** sells the products because the Chinese entities have no involvement in the ultimate downstream sales. Similar testimony could be expected of a U.S. manufacturing witness who is asked to identify the specific provinces in the People's Republic of China where an independent downstream Chinese distributor of one of its U.S. customers resells products.

example, Rainforest does not and cannot dispute that TP-Link **Corp.** faces substantial burdens in litigating far from China. Motion at 10. Further, in claiming that Texas has a "sufficient interest," Rainforest merely comments that "Texas has an interest in discouraging injuries that occur within the state." Resp. at 13. Yet Rainforest ignores—presumably because it has no response—TP-Link **Corp.'s** argument that a New Mexico entity like Rainforest forcing a Chinese corporation like TP-Link **Corp.** to defend itself in a distant court against patents Rainforest only recently acquired from an entity with no ties to Texas does not create a legitimate interest for Texas in addressing the dispute. Motion at 10-11 (*citing In re Samsung Elecs. Co.*, 2 F.4th 1371 (Fed. Cir. 2021)); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009)). For these reasons and those stated in the Motion, exercising jurisdiction over TP-Link Corp. would be unreasonable.[3]

## II.    CONCLUSION

For the foregoing reasons, the Court should dismiss the amended complaint against TP-Link Corp. for lack of personal jurisdiction.

---

[3] Rainforest's Response has no discussion of Rule 4(k)(2), and Rainforest has thus waived any argument on the issue. *Arkansas v. Wilmington Tr. Nat'l Ass'n*, No. 3:18-CV-1481-L, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) ("Failure of a party to respond to arguments raised in a motion to dismiss constitutes waiver or abandonment of that issue at the district court level.").

Dated:  October 26, 2023

Respectfully submitted,

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz
Texas State Bar No. 00796136
SCOTT, DOUGLASS & MCCONNICO, LLP
303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
pamstutz@scottdoug.com

Steven D. Moore
KILPATRICK TOWNSEND & STOCKTON LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone: (415) 576-0200
Facsimile: (415) 576 0300
smoore@kilpatricktownsend.com

Kristopher L. Reed (*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7143
Facsimile: (214) 922-7101
kreed@kilpatricktownsend.com

Kevin M. Bell (*pro hac vice*)
Edward J. Mayle (*pro hac vice*)
KILPATRICK, TOWNSEND & STOCKTON LLP
1400 Wewatta Street Suite 600
Denver, CO 80202
Telephone: (303) 571-4000
Facsimile: (303) 571-4321
kbell@kilpatricktownsend.com
tmayle@kilpatricktownsend.com

Andrew N. Saul (*pro hac vice*)
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street Suite 2800
Atlanta, GA 30309
Telephone: (404) 815-6585
Facsimile: (404) 541-4632
asaul@kilpatricktownsend.com

6

*Attorneys for Defendants*
*TP-LINK TECHNOLOGIES CO., LTD. and*
*TP-LINK CORPORATION LIMITED*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 26, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

*/s/ Paige Arnette Amstutz*
Paige Arnette Amstutz